FILED

OCT 16 2007

OCT 1 6 2007   NF,

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

CE DESIGN LTD., an Illinois corporation,
individually and as the representative of a class
of similarly situated persons,

        Plaintiff,

v.

PRISM BUSINESS MEDIA, INC,

        Defendant.

07CV 5838
JUDGE PALLMEYER
MAGISTRATE JUDGE KEYS

## NOTICE OF REMOVAL

Defendant Penton Business Media, Inc.[1] ("Penton"), hereby gives notice of the removal

of this action pursuant to 28 U.S.C. §§ 1441 and 1446 from the Circuit Court of Cook County,

Illinois, County Department, Chancery Division, to the United States District Court for the

Northern District of Illinois, Eastern Division, and the defendant further alleges:

    1.     Plaintiff CE Design Ltd. ("CE Design") filed a putative Class Action Complaint

("Complaint") in the Circuit Court of Cook County, Illinois, County Department, Chancery

Division, on August 16, 2007, under Case No. 07-CH-22212. A Summons issued that same day.

    2.     On September 18, 2007, the Complaint and Summons were served by Federal

Express upon a registered agent of Penton.

    3.     The Complaint alleges that Penton sent CE Design "by telephone facsimile

machine an unsolicited advertisement" in violation of the Telephone Consumer Protection Act,

---

[1] The Complaint names "Prism Business Media, Inc." as the defendant ("Prism"). Prism changed
its name to Penton Business Media, Inc. on March 15, 2007. *See* Declaration of Robert Feinberg
("Feinberg Decl.") (Exhibit B) at ¶ 1.

47 U.S.C. § 227 ("TCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILL. COMP. STAT. 505/2 ("Business Practices Act"). CE Design also asserts a claim for conversion of "fax machine toner, paper, memory, and employee time" under Illinois common law. *See* Complaint ¶ 33.

4.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because CE Design's alleged claim under the TCPA arises under federal law. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 451 (7th Cir. 2005) (removal of TCPA claim proper "because the claim arises under federal law"); *G.M. Sign, Inc. v. Franklin Bank, S.S.B.*, No. 06 C 0949, 2006 WL 1132386, *2 (N.D. Ill. April 19, 2006) (same); *see also C.E. Design Ltd. v. Kallman*, No. 06 C 2946, 2006 WL 3518365, *1 (N.D. Ill. Dec. 5, 2006) (same).

5.     This Court has supplemental jurisdiction over CE Design's state-law claims under 28 U.S.C. § 1367(a) because the claims in this case arise out of the same case or controversy.

6.     In the alternative, the Court also has original jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because the Complaint alleges diversity (Complaint ¶¶ 9-10)[2] and because there is a "reasonable probability" that alleged claimed damages exceed $5 million. *Brill*, 427 F.3d at 449 ("The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks."). Here, CE Design alleges that Penton sent "*thousands* of ... unsolicited facsimile advertisements," Complaint ¶ 13 (emphasis

---

[2] The Complaint alleges that the Plaintiff is an Illinois corporation with its principal place of business in Rolling Meadows, Illinois. Complaint ¶ 9. The Complaint further alleges that Defendant is a "foreign corporation with its principal place of business in New York, New York." Complaint ¶ 10. Indeed, Penton is a corporation incorporated under the laws of Delaware, with its principal place of business in New York. *See* Feinberg Decl. ¶ 2.

2

added), and through the Complaint seeks class recovery of treble statutory damages of $1,500 *per facsimile* under the TCPA (*id.* ¶ 27), $500 *per facsimile* under the Business Practices Act (*id.* ¶¶ 43, 48), and additional monetary damages for conversion (*id.* ¶ 37). As such, "a recovery exceeding $5 million for the class is not 'legally impossible,'" and therefore the threshold for the amount in controversy under the statute is met. *Brill*, 427 F.3d at 449.

7.      Based on the foregoing, this matter is properly subject to removal to this Court pursuant to 28 U.S.C. §§ 1331, 1332, and 1441. Specifically, this action is removable to the United States District Court for the Northern District of Illinois because Cook County, Illinois, the court in which this action was initiated, is within the jurisdiction of said district.

8.      This Notice of Removal is filed with the Court within 30 days after September 18, 2007, the first day Penton received notice of the initial pleading setting forth the claim for relief upon which this suit is based. Removal is therefore timely under 28 U.S.C. § 1446(b).

9.      Copies of all process, pleadings, and orders served upon Penton are filed with this Notice of Removal as Exhibit A. Penton has not filed an appearance, answer, or other pleading in state court. No other pleadings have been filed in state court and there have been no hearings in state court.

10.     Written notice of the filing of this Notice of Removal will be sent to counsel for plaintiff by First-Class mail.

11.     A copy of this Notice of Removal and supporting papers will be filed with the Circuit Court of Cook County, Illinois, County Department, Chancery Division, as required by 28 U.S.C. § 1446(d).

12.     By this Notice of Removal, defendant does not waive any objections it may have to service, jurisdiction, or venue, and any other defenses or objections to this action.

FOR THESE REASONS, defendant Penton hereby gives notice of its removal of this action to the United States District Court for the Northern District of Illinois, Eastern Division. Plaintiff is notified to proceed no further in state court and the Circuit Court of Cook County, Illinois, County Department, Chancery Division, is respectfully notified to take no further action with respect to this matter.

Dated: October 16, 2007

Respectfully submitted,

By _____

Rebecca L. Ross
David F. Cutter
ROSS, DIXON & BELL, LLP
55 West Monroe Street
Suite 3000
Chicago, IL 60603-5758
(312) 759-5556

*Counsel for Defendant*
*Penton Business Media, Inc.*

*Of counsel*:
Michael D. Sullivan
Chad R. Bowman
LEVINE SULLIVAN KOCH &
 SCHULZ, L.L.P.
1050 Seventeenth Street, N.W.
Suite 800
Washington, D.C. 20036-5514
(202) 508-1100

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of October 2007, a copy of the foregoing Notice of

Removal and exhibits thereto were served by first-class mail upon counsel for plaintiff as

follows:

Brian J. Wanca, Esq.
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008

Phillip A. Bock, Esq.
DIAB & BOCK, LLC
134 LaSalle St., Ste. 1000
Chicago, IL 60602


David F. Cutter
ROSS, DIXON & BELL, LLP
55 West Monroe Street
Suite 3000
Chicago, IL 60603-5758
(312) 759-5556
dcutter@rdblaw.com

# EXHIBIT A

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| CE DESIGN LTD., an Illinois corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| PRISM BUSINESS MEDIA, INC., | ) ) |
| Defendant. | ) |

07CH52012

### CLASS ACTION COMPLAINT

Plaintiff, CE DESIGN LTD., an Illinois corporation (herein "Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations that pertain to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, PRISM BUSINESS MEDIA, INC. (herein "Defendant").

### PRELIMINARY STATEMENT

1. This case challenges Defendant's policy and practice of faxing unsolicited advertisements to persons in Illinois and other states.

2. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, prohibits a person or entity within the United States from sending or having an agent send unsolicited faxed advertisements. The TCPA provides a private right of action for violations, provides statutory damages of $500.00 per violation, which may be trebled for knowing or willful violations, and authorizes injunctions against the wrongdoer. 47 U.S.C. § 227(b)(3).

3. Unsolicited faxes damage the recipients. Recipients lose the use of their fax machine, paper, and ink toner. Unsolicited faxes also causes the recipients to waste valuable

time they would have spent on something else. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipient fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.     On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the common law of conversion, and the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/2 and the substantially-similar consumer protection statutes of other states.

5.     Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.     Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business in Illinois and violated state and federal law related to the matters complained of herein. Defendant does business in this state and purposefully directs its business activities at Illinois residents and Illinois fax machines.

7.     Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious acts complained of occurred in Cook County, Illinois.

8.     Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiff's individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all damages and fees.

## PARTIES

9.     Plaintiff, CE DESIGN LTD., is an Illinois corporation with its principal place of

2

business in Rolling Meadows, Illinois.

10.    On information and belief, Defendant, PRISM BUSINESS MEDIA, INC., is a foreign corporation with its principal place of business in New York, New York.

**FACTS**

11.    On or about August 23, 2004, Defendant transmitted by telephone facsimile machine an unsolicited advertisement to Plaintiff's facsimile machine. A copy of the facsimile is attached hereto and marked as Exhibit A.

12.    Defendant knew or should have known that (i) Exhibit A was an advertisement and (ii) Defendant did not have permission or invitation to send Exhibit A to Plaintiff and the other members of the class.

13.    On information and belief, Defendant has sent thousands of similar unsolicited facsimile advertisements to at least 39 other recipients.

14.    There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

**COUNT I**
**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

15.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

16.    In accordance with 735 ILCS 5/2-801, Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) with respect to whom Defendant cannot provide evidence of prior express

3

permission or invitation for the sending of such faxes.

17.    A class action is proper in that:

(a)    On information and belief the class consists of forty or more persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable;

(b)    There are questions of fact or law common to the class that predominate over questions affecting only individual class members, including:

(i)    Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)    Whether the facsimiles sent by Defendant were material advertising the commercial availability of property, goods, or services;

(iii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv)    Whether Defendant sent advertising faxes without obtaining the recipients' prior express permission or invitation for the faxes;

(v)    Whether Defendant violated the provisions of 47 U.S.C. § 227;

(vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)    Whether Defendant willfully or knowingly violated the provisions of 47 U.S.C. § 227; and

(viii)    Whether Defendant engaged in willful or wanton conduct entitling Plaintiff and the other members of the class to treble damages.

4

18. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the class.

19. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

20. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ...." 47 U.S.C. § 227(b)(1).

21. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

22. The TCPA provides:

> 3. Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A)  An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B)  An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C)  Both such actions.

23. The TCPA is a strict liability statute, so Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

5

24.     If the court finds that Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph. 47 U.S.C. § 227(b)(3).

25.     Defendant violated 47 U.S.C. § 227 et seq. by transmitting Exhibit A hereto to Plaintiff and the other members of the class without obtaining their prior express permission or invitation.

26.     Defendant's actions caused damages to Plaintiff and the other class members, because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machine for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing and reviewing Defendant's illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

27.     If the evidence shows Defendant's violation was willful, Plaintiff requests that the court treble the damages.

WHEREFORE, Plaintiff, CE DESIGN LTD., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, PRISM BUSINESS MEDIA, INC., as follows:

A.      That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.      That the court award actual monetary loss from such violations or the sum of

6

$500.00 in damages for each violation whichever is greater, and, if Defendant's violation was willful, increase the award to three times the amount awarded per violation;

    C.    Enter an injunction prohibiting Defendant from transmitting advertisements by facsimile without the recipient's prior express permission or invitation; and

    D.    Awarding costs and for such further relief as the court may deem just and proper, but in any event, not more than $75,000.00 per individual class member inclusive of all damages and fees.

**COUNT II**
**CONVERSION**

28.    Plaintiff incorporates Paragraphs 1 through 14 as and for Paragraph 28 as though fully set forth herein.

29.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons who (1) on or after five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

30.    A class action is proper in that:

    (a)    On information and belief the class consists of forty or more persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

    (b)    There are questions of fact or law common to the class that predominate over all questions affecting only individual class members, including:

        (i)    Whether Defendant engaged in a pattern of sending unsolicited fax

7

advertisements;

        (ii)    Whether the facsimiles Defendant sent were material advertising the commercial availability of property, goods, and services;

        (iii)    Whether Defendant sent advertising faxes without obtaining the recipients' prior express permission or invitation for the faxes;

        (iv)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

        (v)    Whether Defendant committed conversion; and

        (vi)    Whether Plaintiff and the other class members are entitled to recover actual damages and other appropriate relief.

31.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unsolicited faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the class.

32.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

33.    By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted Plaintiff's fax machine toner, paper, memory, and employee time to its own use.

34.    Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines,

paper, toner, memory, and employee time.

35. Defendant knew or should have known that its misappropriation of Plaintiff's resources was wrongful and without authorization.

36. Plaintiff and the other class members were deprived of valuable resources, which because of Defendant could not be used for any other purpose. Defendant's unsolicited faxes caused unauthorized wear and tear of the class members' machines.

37. Plaintiff and each class member suffered economic damages because they received unsolicited fax advertisements from Defendant.

WHEREFORE, Plaintiff, CE DESIGN LTD., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, PRISM BUSINESS MEDIA, INC., as follows:

A. That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the court award damages;

C. That the court award costs of suit; and

D. Awarding such further relief as the court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### 815 ILCS 505/2

38. Plaintiff incorporates Paragraphs 1 through 14 as and for Paragraph 38 as though fully set forth herein.

39. In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class

9

of persons, brings Count III for Defendant's unfair practice of sending unsolicited and unlawful

fax advertisements:

> All persons who (1) on or after three years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, and (3) with respect to
> whom Defendant cannot provide evidence of prior express
> permission or invitation for the sending of such faxes.

40.     A class action is proper in that:

(a)     On information and belief the class consists of forty or more persons in

Illinois and throughout the United States and is so numerous that joinder of all members

is impracticable.

(b)     There are questions of fact or law common to the class that predominate

over all questions affecting only individual class members including:

(i)     Whether Defendant engaged in a pattern of sending unsolicited fax

advertisements;

(ii)    Whether the facsimiles sent by Defendant were material

advertising the commercial availability of property, goods, and services;

(iii)   Whether Defendant sent advertising faxes without obtaining the

recipients' prior express permission or invitation for the faxes;

(iv)    The manner and method Defendant used to compile or obtain the

list of fax numbers to which it sent Exhibit A and other unsolicited faxed

advertisements;

(v)     Whether Defendant's practice of sending unsolicited faxed

advertisements violates the public policy against such faxes;

(vi)    Whether Defendant's practice of sending unsolicited faxes is

10

oppressive;

      (vii)    Whether Defendant's practice of sending unsolicited faxes substantially injures consumers;

      (viii)    Whether Defendant's practice of sending unsolicited faxes is an unfair practice; and

      (ix)    Whether Plaintiff and the other class members are entitled to recover actual damages, attorney fees, and other appropriate relief.

41.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving unsolicited faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the class.

42.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

43.    720 ILCS 5/26-3(b) makes it a petty criminal offense to transmit unsolicited facsimile advertisements to Illinois residents and sets a $500.00 fine for each violation of this criminal statute.

44.    Defendant's unsolicited fax practice is an unfair practice, because it violates state and federal public policy. It forced Plaintiff and the other class members to incur expense without any consideration.

45.    Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to forty or more persons.

11

46.     Defendant's misconduct caused economic damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, and wear and tear on their facsimile machines, and the loss of employee time wasted in handling Defendant's faxes.

47.     Through its repeated misconduct, Defendant caused substantial injury to the class and caused them economic damage, including the loss of paper, toner, ink, wear and tear on their facsimile machines, and business interruption. By faxing unsolicited advertisements to them, Defendant forced the class members to pay for Defendant's advertising campaign, when they had no obligation to pay any portion of Defendant's costs.

48.     Absent a practical mechanism for consumers to gather together to recover for the damages Defendant's unsolicited faxes caused them, there is a substantial danger that consumer facsimile machines will continue to be inundated with an avalanche of unwanted and offensive materials.

WHEREFORE, Plaintiff, CE DESIGN LTD., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, PRISM BUSINESS MEDIA, INC., as follows:

A.     That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.     That the court award damages to Plaintiff and the other class members;

C.     That the court award attorney fees and costs;

D.     Enter an injunction prohibiting Defendant from transmitting advertisements by facsimile without the recipient's prior express permission or invitation; and

E.     Award such further relief as the court may deem just and proper, but in any event,

12

not more than $75,000.00 to any individual member.

Respectfully submitted,

CE DESIGN LTD., individually and as the
representative of a class of similarly-situated
persons

By:       ~~Brian J. Wanca~~

One of Plaintiff's Attorneys

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Fax: 847/368-1501
Cook County #51306

Phillip A. Bock
DIAB & BOCK, LLC
134 N. LaSalle St., Ste. 1000
Chicago, IL 60602
Telephone: 312/578-4100

13

# EXHIBIT A

Page 1/1

Please Deliver To: J PEZL

CE DESIGN LTD
18473928252



**February 8-10, 2005**
**Anaheim Convention Center**
**Anaheim, CA**

# MARK YOUR CALENDAR!

Electric West is back in Anaheim February 8-10! Don't miss this tremendous opportunity to meet with hundreds of leading suppliers and learn from industry authorities. Best of all, admission to the Exhibit Hall is free when you pre-register! Here's a quick look at what's new at Electric West 2005!



**We've Got a Clear View of What's Ahead**

- **3 Pavilions!** Industry growth is creating new opportunities for electrical professionals, and Electric West is ready to help you take full advantage of them with 3 pavilions - a Home Technology Pavilion, a Renewable Energy Pavilion, and a Power Quality Pavilion.

- **2005 is a NEC® Code Change year!** Find out what this means to you with our NEC® Code Change Conference Sessions.

- **3 Free Sessions!** There will be one free session each day of the Show – including our Keynote Address, General Session, and Ask the Experts – Topic: Power Quality.

- **Later Hours!** In response to your requests, the exhibit hall will be open from 12:00 p.m. -7:00 p.m. on February 9 to better accommodate your work schedules.

Visit **www.electricshow.com** or call **800-927-5007** for more information. Registration opens in October.

TO REMOVE YOUR NUMBER FROM FUTURE FAXES: If you feel you received this message in error, or you wish to unsubscribe from future fax messages from Electric West, please write "remove" on this document and fax back to toll-free 1-800-543-5055.

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS   CCG N001-10M-1-07-05 (          ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, ___CHANCERY___ DIVISION

(Name all parties)

CB Design Ltd., an Illinois corporation, individually and as the representative of a class of similarly-situated persons,

} **0 7 C H 2 2 2 1 2**

v.

No. _____

Prism Business Media, Inc.

SERVE:
Prism Business Media, Inc.
c/o Capitol Corporate Services, Inc.
330 Roberts St., Ste. 203
East Hartford, CT 06108-3654

## SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room __802__, Chicago, Illinois 60602

☐ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 – Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

AUG 1 0 2007

Atty. No.: 51306

Name: Brian J. Wanca @Anderson + Wanca

Atty. for: Plaintiff

Address: 3701 Algonquin Rd., Ste. 760

City/State/Zip: Rolling Meadows, IL 60008

Telephone: (847) 368-1500

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT CHANCERY DIVISION**

CE DESIGN LTD., an Illinois corporation, )
individually and as the representative of a )
class of similarly-situated persons, )
                       )
                 Plaintiff, )
                        )
       v. )           07 CH 22212
                        )
PRISM BUSINESS MEDIA, INC., )
                        )
             Defendant. )

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff, CE DESIGN LTD., by its attorneys, Anderson + Wanca and Diab & Bock, LLC, respectfully moves this court, pursuant to 735 ILCS 5/2-801 et seq., to certify for class action treatment the following classes, as described in Plaintiff's Class Action Complaint:

    All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

    All persons who (1) on or after five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

    All persons who (1) on or after three years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

Plaintiff will file a supporting Memorandum of Law in due course.

WHEREFORE, Plaintiff, CE DESIGN LTD., prays that this court enter an order pursuant to 735 ILCS 5/2-801 certifying for class treatment the classes set forth herein.

Respectfully submitted,

CE DESIGN LTD., individually and as the representative for a class of similarly-situated persons

By: _____
One of the Attorneys for Plaintiff

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Fax: 847/368-1501
#51306

Phillip A. Bock
DIAB & BOCK, LLC
134 N. LaSalle St., Ste. 1000
Chicago, IL 60602
Telephone: 312/578-4100

2

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

CE DESIGN LTD., an Illinois corporation,
individually and as the representative of a class
of similarly situated persons,

                                         Civil Action No. _____

       Plaintiff,

v.

PRISM BUSINESS MEDIA, INC,

       Defendant.

### DECLARATION OF ROBERT FEINBERG

Pursuant to 28 U.S.C. § 1746, Robert Feinberg, Esq. hereby declares as follows:

1.      I am a Vice President of and General Counsel of Penton Business Media, Inc. ("Penton"), defendant in the above-captioned action. I make this Declaration in support of the Notice of Removal filed contemporaneously herewith by Penton. I have personal knowledge of the facts set forth herein and would be competent to testify to them at trial in this action.

2.      Prism Business Media, Inc. changed its name to Penton Business Media, Inc. on March 15, 2007.

3.      Penton is a corporation established under the laws of the State of Delaware, with its principal place of business in New York.

I declare under the penalty of perjury that the foregoing statements are true and correct.

Date:   10/15/07

                                                  Robert Feinberg, Esq.